UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv141-RLV
(5:11cr53-RLV-1)

| | |
|---|---|
| CARITINO MUJICA-VARGAS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Caritino Mujica-Vargas's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I.     BACKGROUND

Petitioner pled guilty in federal district court to conspiracy to distribute and possession with intent to distribute cocaine and methamphetamine, Sch. II controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), & 846, and using and carrying one or more firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Judgment, 5:11cr53-RLV-1, Doc. No. 95.) This Court sentenced him to 120 months imprisonment. (Judgment, supra.) Judgment was entered on February 14, 2013, and Petitioner did not appeal.

On February 3, 2014, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Motion to Vacate, 5:14cv19-RLV-1, Doc. No. 1.) The Motion was denied on October 30, 2014. (Order Den. Mot. to Vacate, 5:14cv19-RLV-1, Doc. No. 6.) Petitioner's appeal of the Court's order was dismissed by the Fourth Circuit Court of Appeals.

1

(Unpublished Opinion from Fourth Circuit, 5:14cv19-RLV-1, Doc. No. 13.) Petitioner filed the instant § 2255 Motion to Vacate on July 14, 2016, when he signed and placed it in the prison mail system. (Doc. No. 1 at 13.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings, which directs district courts to examine habeas motions promptly. Rule 4(b), 28 U.S.C.A. foll. § 2255. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the court must dismiss the motion. Id.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his criminal judgment in a subsequent collateral proceeding. See 28 U.S.C. § 2244. This Court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Petitioner offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, his § 2255 motion must be dismissed as unauthorized.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized successive § 2255 motion; and
2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S.

322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 7, 2016

Richard L. Voorhees
United States District Judge